Frankel Syverson pllc

FRANKEL SYVERSON PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (020191)
patti@frankelsyverson.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Brian Cardinal, on behalf of himself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>V & S, LLC dba Brooklyn V's Pizza, an Arizona limited liability company; and Vito Lopiccolo, an individual,<br><br>Defendants. | Case No.<br><br>**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT**<br><br>**[Jury Trial Demanded]** |

Plaintiff Brian Cardinal ("Plaintiff"), on behalf of himself and all others similarly situated, brings this action against Defendant V & S, LLC dba Brooklyn V's Pizza, an Arizona limited liability company, and Defendant Vito Lopiccolo, an individual (both collectively referred to as "Brooklyn V's Pizza" or "Defendant") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and Arizona wage laws, A.R.S. § 23-350, *et seq*. ("Arizona Wage Statute").

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself and all other similarly situated employees of Defendant who elect to opt in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "Collective Action Members") that they are entitled to unpaid wages including unpaid overtime for all hours worked exceeding forty (40) in a workweek, liquidated damages, and attorneys' fees and costs, pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*., specifically 29 U.S.C. §§ 207, 216(b).

2. Plaintiff further alleges, pursuant to Fed. R. Civ. P. 23, on behalf of himself and a class of other similarly situated employees of Defendant within the State of Arizona (the "Arizona Class Members"), that they are entitled to timely payment of all wages due, plus interest, treble damages, and penalties as allowed by the Arizona Wage Statute, A.R.S. § 23-350, *et seq*.

## JURISDICTION AND VENUE

3. The FLSA authorizes civil actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they arise from the same case and controversy as the FLSA claim. The state and federal claims derive from a common nucleus of operative fact, the state law claims will not substantially dominate over the FLSA claims, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because substantial decisions and events giving rise to the claims occurred in the State of Arizona within this District.

6. The United States District Court for the District of Arizona has personal jurisdiction because Defendant conducts business within this District and the actions giving rise to this Complaint occurred in this District.

7. At all relevant times, Defendant has been an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

8. At all relevant times, Defendant employed individuals to provide duties such as cooks, kitchen staff, servers, and host/hostess at its restaurants in Arizona, including those persons similarly situated to Plaintiff who are members of the putative collective action and class action classes (collectively referred to as "Restaurant Staff").

9. Plaintiff and the other similarly situated Restaurant Staff are employees as defined in 29 U.S.C. § 203(e)(1) and A.R.S. § 23-350(2) and are non-exempt employees under 29 U.S.C. § 213(a)(1).

10. At all relevant times, Defendant was an employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 23-350(3) and a "person" under 29 U.S.C. § 213(a)(1).

11. At all relevant times, Plaintiff and the other members of the putative classes were engaged in commerce and/or worked for Defendant in an enterprise engaged in commerce.

12. At all relevant times, Defendant has been engaged in interstate commerce and has been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

## PARTIES

13. Defendant V & S, LLC dba Brooklyn V's Pizza is an Arizona limited liability company with its headquarters and principal place of business located at 894 E. Warner Road, #101, Gilbert, Arizona 85296.

14. Brooklyn V's Pizza is a pizza restaurant with six locations in Arizona.

15. Defendant Brooklyn V's Pizza exercises its authority to control the day-to-day operations of the business where Plaintiff and the Restaurant Staff work, including matters related to setting and paying compensation to the Restaurant Staff, such that they are liable to Plaintiff and the Restaurant Staff as an employer.

16. Defendant Vito Lopiccolo is a Member of Defendant V & S, LLC dba Brooklyn V's Pizza. As a Member of Defendant V & S, LLC dba Brooklyn V's Pizza, Defendant Vito Lopiccolo sets employment policies for Defendant V & S, LLC dba Brooklyn V's Pizza, including but not limited to controlling and implementing policies regarding the amount and manner of compensation for employees like Plaintiff. Defendant Vito Lopiccolo exercises control over Defendant V & S, LLC dba Brooklyn V's Pizza's operations, and he has the authority to hire and fire employees, determine wages, and establish and implement policies affecting significant aspects of the business' day-to-day functions and the decisions impacting the employees who work there. Defendant Vito Lopiccolo acts directly as an employer in relation to Plaintiff and the Class Members and is an employer under the FLSA and Arizona law.

17. Plaintiff Cardinal was, at all relevant times, an individual residing in the Phoenix, Arizona metropolitan area.

18. At all relevant times, Plaintiff Cardinal was employed by Defendant in Arizona as kitchen staff, an hourly, non-exempt position. Plaintiff Cardinal's Consent to be a Named Plaintiff and Opt-In to Lawsuit pursuant to 29 U.S.C. § 216(b) is attached hereto as **Exhibit 1**.

## STATEMENT OF FACTS

19. Defendant is an "employer" within the meaning of the FLSA and the Arizona Wage Statute.

20. Defendant Brooklyn V's Pizza is a restaurant hiring Restaurant Staff like Plaintiff to perform duties related to positions such as cooks, kitchen staff, servers, and host/hostess at six locations in Arizona, including Gilbert, Queen Creek, San Tan Valley, Mesa and two restaurants in Chandler.

21. Plaintiff was employed by Defendant from May 3, 2023 to March 29, 2026. He worked for Defendant at various locations in the Phoenix metropolitan area, including in Chandler and Mesa.

22. Plaintiff was employed in a non-exempt kitchen staff position and was paid an hourly rate during his employment. Plaintiff's hourly pay rate during his employment ranged from $19.00 per hour to $21.00 per hour. During his most recent pay periods, he was paid an hourly rate of $21.00 per hour.

23. Plaintiff and the Restaurant Staff routinely worked overtime by working more than 40 hours per week, but Defendant failed to pay them all the overtime wages they worked at time and a half their regular hourly rate.

24. During his typical week, Plaintiff was scheduled to work at least 50 hours a work week, usually Wednesday through Monday from 10 a.m. to between 9 p.m. and 10 p.m.

25. Plaintiff was often required to work more than 40 hours in a work week (and even more than 50 hours) in a typical week. However, for all hours Plaintiff worked over 40 hours but under 50 hours a work week, Plaintiff was only paid regular wages and not overtime wages.

26. For example, Plaintiff's pay statement for the period of December 17, 2025 until December 30, 2025 indicates that he worked 106.73 hours total, 100.00 hours of regular time and 6.73 hours of overtime. Plaintiff was paid his regular hourly rate of $21.00 for his regular time and time and a half that regular hourly rate for overtime that was a paid at a rate of $31.50 per hour. However, 20 of these regular hours should have been compensated at his overtime rate as those hours were hours worked over 40 in each work week in the pay period. Thus, Plaintiff was due, but was not paid, half time for 20 hours works for a total of $210.00.

27. Plaintiff and the Restaurant Staff were also routinely denied wages due under the Arizona Wage Statute.

28. As hourly, non-exempt employees, Plaintiff and other similarly situated Restaurant Staff were promised an hourly rate by Defendant for all hours worked in each workweek, and those wages were timely due to Plaintiff and other similarly situated Restaurant Staff pursuant to the Arizona Wage Statute.

29. As hourly, non-exempt employees, Plaintiff and the other similarly situated Restaurant Staff are or were entitled to overtime premiums for hours worked in excess of forty (40) each workweek. Their overtime rate must be based on their regular rate of pay.

30. Defendant's failure to pay the proper overtime rate for all the overtime hours worked was not an isolated practice.

31. Defendant's policy and practice requiring Plaintiff and other similarly situated Restaurant Staff to work significant hours over 40 in a work week without being paid time and a half their regular rate of pay for all hours worked over 40 in a work week, denied them proper overtime pay.

32. Defendant failed to timely pay Plaintiff for all the wages he was due for work he performed, including overtime.

33. A significant part, if not all, of this unpaid overtime work is evidenced in Defendant's own payroll, time-recording, and attendance records, most of which are exclusively in Defendant's own possession.

34. Defendant's policy and practice is to willfully deny its hourly, non-exempt Restaurant Staff pay for all hours worked, including overtime worked all hour worked beyond forty (40) in a workweek.

35. Upon information and belief, Defendant applied and instituted the above-described willful and illegal policies and practices regarding not paying for all hours worked, failing to account for total compensation in the overtime rate, and failing to pay all wages due including the overtime, at all of Defendant's restaurants in Arizona.

36. As a result of its policies, Defendant fails to pay proper overtime to save payroll costs and taxes. Defendant enjoys ill-gained profits at the expense of Plaintiff and other similarly situated Restaurant Staff.

37. During his employment, Plaintiff spoke with other Restaurant Staff who worked at various locations in Arizona about Defendant's unlawful pay policies, learning that they also were subject to the same unlawful pay practices that he was experiencing.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff Cardinal brings Count I, the FLSA unpaid overtime claim, pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following similarly situated employees of Defendant:

> All Restaurant Staff who worked for Defendant V & S, LLC dba Brooklyn V's Pizza in Arizona during the last three years ("Collective Action Members").

39. Plaintiff, on behalf of himself and all other similarly situated Restaurant Staff, seeks relief on a collective basis challenging Defendant's practice of failing to accurately record work time and pay its employees for all hours worked, including overtime, at the proper overtime rate for all overtime hours worked. The number and identity of other individuals yet to opt-in and consent to join the collective action may be determined from Defendant's records and potential Collective Action Members may easily and quickly be notified of the pendency of this action.

40. Plaintiff is similarly situated to the Collective Action Members because they are all subject to similar payroll policies and procedures. Defendant requires the similarly situated Collective Action Members to work overtime but fails to pay them for all hours worked. The Collective Action Members are also similarly situated because they all utilize Defendant's time recording and reporting practices, which fails to accurately account and pay for all time worked including overtime and fails to account for overtime at the legally required rate.

41. Defendant's overtime wage practices were routine and consistent. Throughout the relevant time period over the past three years, the Collective Action Members regularly were not paid the proper overtime despite working in excess of forty hours per week.

42. Plaintiff and the Collective Action Members performed the same or similar job duties. Moreover, they regularly worked more than forty hours in a workweek.

Accordingly, the employees victimized by Defendant's unlawful pattern and practices are similarly situated to Plaintiff in terms of employment and pay provisions.

43. Defendant's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable policies or practices and do not depend on the personal circumstances of the members of the collective action. Thus, Plaintiff's experience is typical of the experience of the others employed by Defendant.

44. The Collective Action Members, including Plaintiff, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of forty (40). Although the issue of damages may be individual in character, there is no detraction from the common nucleus of facts pertaining to liability.

45. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel experienced and competent in the practice of wage and hour law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with the putative members of this collective action.

## CLASS ACTION ALLEGATIONS

46. Plaintiff brings Count II, the Arizona Wage Statute claim, as a Rule 23 class action on behalf of himself and the following persons:

> All Restaurant Staff who worked for Defendant V & S, LLC dba Brooklyn V's Pizza in Arizona from April 14, 2023 to the present ("Arizona Class Members").

47. Plaintiff's Rule 23 class claims (Count II) satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

48. Plaintiff's Rule 23 state law class claim (Count II) satisfies the numerosity requirement of a class action. The Arizona Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of potential class members is unknown, and the facts for calculating that number are presently

within the sole control of Defendant, upon information and belief, there are over forty Arizona Class Members.

49. Questions of law and fact common to the Arizona Class Members predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all Arizona Class Members. Among the questions of law and fact common to Plaintiff and the Arizona Class Members are:

a. whether Defendant employed the Arizona Class Members within the meaning of the Arizona Wage Statute;

b. whether Defendant owes the Arizona Class Members wages in exchange for all work performed, including overtime;

c. whether Defendant unlawfully failed to timely pay Arizona Class Members wages for all hours worked, including overtime;

d. whether Defendant is liable for damages under the Arizona Wage Statute, including but not limited to compensatory damages, interest, and treble damages; and

e. Plaintiff's claims under Arizona state law are typical of those of the Arizona Class Members in that class members have been employed in the same or similar positions as Plaintiff and were subject to the same or similar unlawful payroll practices as Plaintiff.

50. The common questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

51. A class action is appropriate for the fair and efficient adjudication of this controversy. Defendant acted or refused to act on grounds generally applicable to the entire class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of the class members to protect

their interests. The damages suffered by individual class members may be relatively small, and the expense and burden of individual litigation make it virtually impossible for the members of the class action to individually seek redress for the wrongs done to them.

52. Plaintiff will fairly and adequately represent the interests of the Arizona Class Members and has retained counsel that is experienced and competent in the fields of wage and hour law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this class and collective action.

**COUNT I**

**COLLECTIVE ACTION FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT**

**(Failure to Properly Pay Overtime Wages and Record Keeping Violations - FLSA - 29 U.S.C. § 207 *et seq.*; Brought Against Defendants by Plaintiff Cardinal Individually and on Behalf of the Collective Action Members)**

53. Plaintiff, on behalf of himself and all Collective Action Members, reasserts the allegations set forth in the above paragraphs.

54. Defendant paid Plaintiff and the Collective Action Members on an hourly basis, and they were and are all entitled to the overtime protections of the Fair Labor Standards Act as set forth in 29 U.S.C. §§ 201, *et seq*.

55. At all relevant times, Defendant has been, and continues to be, subject to the overtime provisions of the FLSA because its employees are engaged in commerce and Defendant has annual revenues in excess of $500,000.

56. Plaintiff and the Collective Action Members are non-exempt employees entitled to the statutorily mandated overtime pay according to the FLSA.

57. Defendant was an employer pursuant to 29 U.S.C. § 203(d).

58. Defendant failed to comply with 29 U.S.C. § 207 because Plaintiff and the Collective Action Members worked for Defendant in excess of forty hours per week, but Defendant failed to pay them for those excess hours at the statutorily required rate of one and one-half times their regular rate of pay as required by the FLSA.

59. Plaintiff and other similarly situated Restaurant Staff performed work causing them to work in excess of forty (40) hours in certain workweeks.

60. This work was performed at Defendant's direction and/or with Defendant's knowledge.

61. Defendant willfully violated the FLSA by failing to pay Plaintiff and the other Collective Action Members all wages due including overtime premiums for all hours accrued beyond forty (40) hours but under fifty (50) hours a work week in a workweek.

62. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions complied with the FLSA.

63. At all relevant times, Defendant willfully, regularly, and repeatedly failed, and continues to fail to make, keep, and preserve accurate time records required by the FLSA with respect to Plaintiff and the other similarly situated Restaurant Staff, including records determining the wages and hours of employment pertaining to Plaintiff and the similarly situated Restaurant Staff.

64. As a result of the willful violations of the FLSA's overtime pay provisions, Defendant has unlawfully withheld overtime wages from Plaintiff and Collective Action Members. Accordingly, Defendant is liable to Plaintiff and the Collective Action Members for unpaid wages including overtime compensation, an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant, and pray this Court:

a. Certify the claim set forth in Count I above as a collective action pursuant to Section 216(b) of the FLSA and issue notice to all similarly-situated hourly, non-exempt Restaurant Staff, who worked for Defendant during the last three years in Arizona, informing them of their right to file consents to join the FLSA portion of this action;

b. Designate Plaintiff Cardinal as the Representative Plaintiff of the Collective Action and undersigned counsel as the attorneys representing the Collective Action Members;

c. Award Plaintiff and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b);

d. Award Plaintiff and all similarly situated employees prejudgment and post-judgment interest as provided by law;

e. Award Plaintiff and all similarly situated employees attorneys' fees and costs as allowed by Section 216(b) of the FLSA, including that Defendant is financially responsible for notifying the Collective Action Members of Defendant's alleged wage and hour violations; and

f. Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable, including injunctive relief.

**COUNT II**
**FED.R.CIV.P. 23 CLASS ACTION FOR VIOLATION OF THE ARIZONA WAGE STATUTE**
**(Failure to Timely Pay Wages Due, A.R.S. § 23-350 *et seq.*; Brought Against Defendant V & S, LLC dba Brooklyn V's Pizza by Plaintiff Cardinal Individually and on Behalf of the Arizona Class Members)**

65. Plaintiff, on behalf of himself and the Arizona Class Members, reasserts the allegations set forth in the above paragraphs.

66. At all material times hereto, Plaintiff and the Arizona Class Members were employed by Defendant within the State of Arizona and have been entitled to the rights, protections, and benefits provided under the Arizona Wage Statute.

67. Defendant was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

68. Defendant is aware that, under A.R.S. §§ 23-351-353, it was obligated to timely pay all wages due to Plaintiff and the Arizona Class Members, including overtime.

69. Defendant failed to timely pay Plaintiff and the Arizona Class Members wages he was due without a good faith basis for withholding wages.

70. Defendant has willfully failed and refused to timely pay wages due to Plaintiff and the Arizona Class Members. As a result of Defendant's unlawful acts,

Plaintiff and the Arizona Class Members are entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

71. The state law claim, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt out of the Class.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant and pray this Court:

a. Certify the state law claim set forth in Count II above as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Designate Plaintiff Cardinal as the Class Representative of the Arizona Class Members and undersigned counsel as the attorneys representing the Arizona Class Members;

c. Award Plaintiff and all similarly situated employees compensatory damages and treble damages, plus costs and attorneys' fees, and all available remedies pursuant to A.R.S. § 23-350 *et seq*.;

d. Award Plaintiff and all similarly situated employees prejudgment and post-judgment interest as provided by law; and

e. Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable, including injunctive relief.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims with respect to which he may have the right to a jury.

DATED: April 14, 2026.

**FRANKEL SYVERSON PLLC**
By *s/ Patricia N. Syverson*
Patricia N. Syverson
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123

**FRANKEL SYVERSON PLLC**
Ty D. Frankel
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016

*Attorneys for Plaintiff*